**Michael FRIEMAN, M. D., Allen S. Palmer, D. O., Plaintiffs,**

v.

**John D. ASHCROFT, Attorney General of State of Missouri, J. Brendan Ryan, Circuit Attorney of the City of St. Louis, Missouri, Defendants.**

**No. 76–616 C (3).**

United States District Court, E. D. Missouri, E. D.

Feb. 17, 1978.

Frank Susman, Susman, Schermer, Willer & Rimmel, St. Louis, Mo., for plaintiffs.

Michael L. Boicourt, Asst. Atty. Gen., State of Missouri, Jefferson City, Mo., for defendants.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon defendants' motion for summary judgment. Plaintiff physicians filed this suit seeking declaratory and injunctive relief against the enforcement of §§ 188.040 and 188.045, R.S.Mo. (1974). By order of this Court dated November 28, 1977, it was held that plaintiffs lack standing to challenge § 188.040. Plaintiffs were granted leave on February 15, 1978 to amend their complaint by deleting the request for injunctive relief. Under these circumstances, a three-judge court is no longer necessary. *Seergy v. Kings County Republic County Committee*, 459 F.2d 308 (2d Cir. 1972). In response to the instant motion, plaintiffs have raised no facts which are disputed so as to preclude entry of summary judgment. Rule 56, Federal Rules of Civil Procedure.

> Section 188.045, R.S.Mo. (1974) provides: Any woman seeking an abortion in the state of Missouri shall be verbally informed of the provisions of section 188.040 [terminating parental rights in cases where a live birth results from an attempted abortion not performed to save the life or health of the mother] by the attending physician and the woman shall certify in writing that she has been so informed.

Plaintiffs allege that this legislation inhibits, chills, restrains, deters and precludes plaintiffs' patients from the full exercise of their constitutional rights; that the privacy of the physician-patient relationship is curtailed and chilled; and that plaintiffs are inhibited and precluded from the practice of medicine in their finest manner by the existence and application of the statute.

In *Planned Parenthood of Central Missouri v. Danforth*, 428 U.S. 52, 96 S.Ct. 2831, 49 L.Ed.2d 788 (1976), the Court held that a state may permissibly require written consent, as "it is desirable and imperative that

it [the decision to abort] be made with full knowledge of its nature and consequences". *Id.* at 67, 96 S.Ct. at 2840. Certainly, the termination of parental rights, should a live birth result, is a consequence of the decision to abort. Absent a party with standing to challenge § 188.040, termination of parental rights does remain a consequence of the decision to abort and the state may permissibly require a physician to so inform the patient. When viewed in this context the statute is clearly permissible. *Cf. Whalen v. Roe*, 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977). Accordingly, the Court concludes that defendants' motion should be granted.